UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80998-Civ-Ryskamp/Vitunac

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN KORMAN, *pro se*,
PAMELA KORMAN, *pro se*,
AURORA LOAN SERVICES,

        Defendants.
_____/



FILED by _____ D.C.

JUN 1 0 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 19) from United States District Judge Kenneth L. Ryskamp, "to take all necessary and proper action as required by law and/or to submit a Report and Recommendation to this Court." Pending before the Court are Defendants John and Pamela Korman's Motion to Dismiss for Lack of Jurisdiction (DE 61), filed May 19, 2008, and Amended Motion to Dismiss for Lack of Jurisdiction (DE 62), filed May 23, 2008.[1] The Government filed a Response to Defendants' Amended Motion to Dismiss (DE 63) on June 5, 2008. The matter is now ripe for review.

### Background

On October 22, 2007, the Government filed a Complaint against the Defendants seeking to reduce John Korman's unpaid federal income tax liabilities to judgment, and to foreclose federal tax liens on real property the Government claims belongs to the Kormans (DE 1). The Government

---

[1] Defendants' Motion to Dismiss, Supplement (DE 50), filed April 15, 2008, is a court-ordered supplemental response to Defendants' previously filed Motion to Dismiss (DE 36), filed March 14, 2008. Thus, it is construed by the Court as a supplemental response, not a motion. Accordingly, the Clerk will be directed to terminate the motion status of DE 50 as part of this Report and Recommendation.

joined Ultimate Maintenance Services, and Aurora Loan Services as parties who may claim an interest in that residence (DE 1).

## Discussion

In the pending motions, the Defendants argue that their cause of action arises under the maritime and admiralty jurisdiction of this Court. Furthermore, the Defendants seek dismissal based on lack of subject matter jurisdiction and failure to state a cause of action upon which relief may be granted. In response, the Government asserts that the Defendants' pending motions represent the latest in a series of frivolous motions and pleadings filed by the Defendants and raising issues that have already been decided against them by this Court in prior rulings. The Government asserts that the Defendants appear to be filing motions to harass, cause unnecessary delay, or needlessly increase the cost of litigation. For these reasons, the Government suggests that the Defendants review Federal Rule of Civil Procedure 11 ("Rule 11") before filing any more pleadings in this case.

Rule 11 states that "[b]y presenting to the court...a pleading...an unrepresented party is certifying that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass...or cause unnecessary increase in the cost of litigation; (2) the claims and other legal contentions are warranted by existing law..." Fed. R. Civ. P. 11(b). Simply stated, "the goal of Rule 11 is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987)). If, after notice and a reasonable opportunity to respond, a court determines that Rule 11 has been violated, it may impose an appropriate sanction including but not limited to an order directing the Plaintiff to pay some or all of the reasonable attorneys' fees and

other expenses incurred by the Defendant as a result of the Rule 11 violation. Fed. R. Civ. P. 11(c). In fact, "[i]mposing a financial penalty often [is] the most effective and fair means of enforcing Rule 11 and deterring baseless suits." Donaldson, 819 F.2d at 1557.

Rule 11 incorporates an objective standard. Id. at 1556. Hence, a court must determine "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Kaplan v. Daimlerchrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002)). Although pleadings filed by *pro se* litigants are reviewed under a "less strict" standard, the Rule 11 sanctions nevertheless are applicable. See Haines v. Kerner, 404 U.S. 519 (1971). In fact, "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1987) (quoting Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

Here, the Defendants continue to file frivolous motions and pleadings that re-hash arguments which have been previously considered and adjudicated in this Court's clear and unambiguous Report and Recommendation (DE 51), filed April 21, 2008, and adopted by United States District Judge Kenneth L. Ryskamp on May 7, 2008 (DE 60). For instance, the Defendants insist that their cause of action arises under the maritime and admiralty jurisdiction of this Court despite this Court's holding to the exact contrary for reasons discussed extensively in the Report and Recommendation. Therefore, the Court recommends that the Defendants' Motion to Dismiss for Lack of Jurisdiction (DE 61), filed May 19, 2008, be DENIED as moot, and that the Defendants' Amended Motion to Dismiss for Lack of Jurisdiction (DE 62), filed May 23, 2008, be likewise DENIED as moot.

Moreover, the Court recommends that the Defendants be instructed that should their pattern of frivolous filings continue, they may be subjected to appropriate sanctions under Rule 11.

### Recommendation to the District Court

Based on the foregoing reasons, this Court RECOMMENDS the following to the District Court: that the Defendants' Motion to Dismiss for Lack of Jurisdiction (DE 61), filed May 19, 2008, be DENIED as MOOT, that the Defendants' Amended Motion to Dismiss for Lack of Jurisdiction (DE 62), filed May 23, 2008, be DENIED as MOOT, and that the Defendants be instructed to abide by Rule 11 before filing any more pleadings in this case lest they be subjected to the possibility of court-imposed sanctions.

### Notice of Right to Object

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 10 day of June, 2008.

_____
ANN E. VITUNAC
United States Magistrate Judge

Copies to:
John Korman, *pro se*
Pamela Korman, *pro se*
all counsel of record