UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80998-Civ-Ryskamp/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN KORMAN,

    Defendant.

_____/



FILED by _____ D.C.

AUG 1 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 19) from United States District Judge Kenneth L. Ryskamp, "for all pre-trial matters, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation to this Court." Pending before the Court is the United States' Motion for Summary Judgment (DE 140), filed March 27, 2009. Defendant filed a Response (DE 142) on April 21, 2009. The United States filed a Reply (DE 147) on June 12, 2009. This matter is ripe for review.

### BACKGROUND

On October 22, 2007, the United States filed a Complaint (DE 1) seeking to reduce to judgment an outstanding federal tax assessment made against Defendant John Korman for the 1996 tax year (Count I), and to foreclose a federal tax lien that arose upon such assessment against certain real property (Count II). The United States joined Pamela Korman, Ultimate Maintenance Services, Inc., and Aurora Loan Services as Defendants who might have an interest in the real property at issue in Count II. On February 21, 2008, the Court dismissed what it construed to be a counterclaim by

Defendants John and Pamela Korman against the United States (DE 27). On November 13, 2008, the Court dismissed Defendants John and Pamela Kormans' Third-Party Complaint against IRS employee Calvin Byrd for failure to state a claim for relief (DE 99). Since the inception of this suit, Defendant John Korman has filed numerous motions to dismiss (DE 36, 62, 72, 79, 139), none of which had any merit, and all of which were denied or stricken by the Court (DE 60, 81, 87, 149).

On February 25, 2008, the Court dismissed Ultimate Maintenance Services as a Defendant based on its stipulation with the United States disclaiming any interest in the Kormans' real property (DE 29). On April 24, 2009, the Court dismissed Count II of the Complaint on the basis of an agreement between the United States and Aurora Loan Services under which the United States subordinated its federal tax lien to Aurora Loan Services' mortgage lien in exchange for a $150,000 payment by Aurora Loan Services (DE 144). Consequently, Pamela Korman and Aurora Loan Services were dismissed as Defendants in this case leaving John Korman as the sole remaining Defendant.

PARTIES' CONTENSIONS

The United States' Motion for Summary Judgment

In its Motion, the United States seeks entry of summary judgment. As grounds, the United States contends that the Certificate of Assessments, Payments, and other Specified Matters (DE 140-2), also known as Form 4340, attached to its Motion, is based on a federal income tax return filed by Defendant for the 1996 tax year and establishes a presumption of a valid assessment made against him. The United States argues that rather than demonstrating any genuine issue of material fact, Defendant has made futile attempts throughout this litigation to contest the validity of the assessment made against him by asserting non-meritorious, irrelevant, and "textbook tax-defier" arguments challenging the legality of the Internal Revenue Code, the credibility of the IRS assessment process,

and the accuracy of irrelevant computer-generated IRS documents. For instance, the United States claims Defendant has made baseless challenges to the IRS' Individual Master File, a file with no bearing on his tax liability. Further, the United States contends that Defendant's arguments regarding its alleged failure to produce his original income tax return or the Form 23C summary record of assessment do not undermine the presumptive validity of the tax assessment established by the submission of the Form 4340 because there is no code or regulation requiring a tax assessment be recorded or provided to a taxpayer in a specific form. The United States contends it is properly relying on the Certificate of Assessments as presumptive proof of the validity of the 1996 tax assessment and that Defendant has failed to articulate any material facts to show the assessment is erroneous.

Defendant's Response

In his Response, Defendant argues that three letters addressed to him from the IRS show that "no assessments could be located for [him] for the tax years 2003 through 2007" and that such information contradicts the United States' contention that it has a valid assessment against him. Defendant also specifically contests the validity of the failure-to-pay (FTP) penalty of $15,491.83 assessed against him on November 28, 2005. Defendant asserts that this FTP penalty, included as part of the 1996 tax assessment described in the United States' Motion, is a statement of material fact that is "inconsistent under the law." Defendant argues that "documents received from the IRS, confirms [sic], [that IRS Officer Calvin Byrd] has committed perjury, in an attempt to receive a favorable ruling; not just in this particular instance involving the sum of $15,491.83, but each and every instance involving a sum of money." Defendant also references the contents of his motion to dismiss (DE 139) as additional support for his opposition to summary judgment.

## The United States' Reply

In its Reply, the United States acknowledges that its Motion incorrectly alleged that Defendant's reported tax liability for 1996 was $89,913.00. The correct amount is $83,913.00, which is consistent with the Form 4340 attached to its Motion. The United States submitted an Amended Declaration of IRS Officer Calvin Byrd in support of its Motion. As for the $15,491.83 FTP penalty, the United States states that the Internal Revenue Code authorizes the IRS to charge FTP penalties on unpaid tax accounts. The United States further states that assessed FTP penalties continue to accrue over time, unlike other one time assessment penalties. In this case, Defendant's failure to pay his reported 1996 tax liability resulted in his being assessed a FTP penalty of $4,195.65 on February 9, 1998. Later, on November 28, 2005, the IRS revisited the Defendant's account and assessed an additional FTP penalty of $15,491.83, representing the accrued amount through that date. The United States contends that Defendant wrongly asserts, with no reference to supporting legal authority, that the FTP penalty was improperly assessed and/or that an assessment generated by the IRS computer system is invalid. The United States reiterates that the undisputed evidence in this case establishes its entitlement to entry of summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper when, taking the facts in the light most favorable to the nonmoving party, the Court is satisfied that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the initial burden of establishing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under governing law." Id. If the moving party satisfies its burden of demonstrating the absence of a genuine issue of material fact, then the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587. Under Rule 56, the nonmoving party "may not rely on allegations or denials in its own pleading;" but must, by affidavits or other means, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to so respond, "summary judgment, if appropriate, shall be entered against" the nonmoving party. Id.

## DISCUSSION

The issue before the Court is whether the United States is entitled to summary judgment on its claim to reduce to judgment the Defendant's assessed federal tax for the 1996 tax year, inclusive of all applicable interest and penalties. In reducing an assessment to judgment, the United States must first prove that the assessment was properly made. United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006). When a taxpayer reports a balance due on a federal income tax return, the Secretary of the Treasury, or his delegate, is authorized to assess the tax reported on that filed return. 26 U.S.C. § 6201(a)(1). Such assessment "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203.

Upon request, the IRS must provide a taxpayer with a copy of the pertinent parts of the assessment, which shall be made by an assessment officer signing the summary record of assessment, and shall set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Id.; Treas. Reg. § 301.6203-1 (1967). A Certificate of Assessments, Payments, and Other Specified Matters, also known as Form 4340, satisfies these requirements, and is presumptive proof of a valid assessment. White, 466 F.3d at 1248; United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989) (accepting a Certificate of Assessments and Payments submitted by the government "as presumptive proof of a valid assessment"); United States v. Dixon, 672 F.Supp. 503, 506 (M.D. Ala. 1987), *aff'd* 849 F.2d 1478 (11th Cir. 1988) (per curiam) (same).

Once the United States provides the Form 4340, the taxpayer must prove that the assessment is erroneous in order to prevail. White, 466 F.3d at 1248. Thus, for purposes of summary judgment, once presumptive proof of a valid assessment is sufficiently demonstrated via the submission of a Form 4340, the taxpayer bears the burden of overcoming the presumption of correctness of the assessment by establishing a genuine issue of material fact with respect to his tax liability. See Olster v. Comm'r, 751 F.2d 1168, 1174 (11th Cir. 1985).

As proof of assessment in this case, the United States has submitted a Certificate of Assessments and Payments, Form 4340 (DE 140-2), which is signed by a certifying officer of the IRS, identifies Defendant by name and social security number, and specifies that the tax liability pertains to a "Form 1040," *i.e.* IRS form for reporting individual financial information and calculating taxes owed to the federal government. An accompanying Certificate of Official Record, dated February 6, 2007, is signed by an IRS Officer certifying that the Form 4340 is "a true and

complete transcript . . . of all assessments, abatements, credits, and refunds relating" to Defendant's account for the 1996 tax period. The certified Form 4340 shows that the IRS assessed $83,913.00 against Defendant on February 9, 1998 based on the tax liability reported on Defendant's individual 1996 federal income tax return, which was filed with the IRS on December 4, 1997. The Form 4340 also lists an estimated tax penalty, a late filing penalty, two FTP penalties, interest assessed, two overpayment credits applied, and a fees and collection cost. The corresponding dates for each assessment or credit is included on the Form 4340. Additionally, the Form 4340 certifies that a statutory notice of balance due and three statutory notices of intent to levy were sent to Defendant, and identifies the dates those notices were sent.

The United States also submitted a sworn Amended Declaration of IRS Officer Calvin Byrd (DE 147-2). IRS Officer Byrd states that he is the revenue officer "assigned to collect the federal income tax liability" of Defendant for the 1996 tax year. IRS Officer Byrd avers that the assessments made against Defendant for the 1996 tax year are based upon a federal income tax return filed by Defendant, that notice of the assessments and demand for payment were duly provided to Defendant as provided by law, but that Defendant has refused to pay the entire amount of the assessments and interest continues to accrue on the unpaid amount. IRS Officer Byrd states that after accounting for the initial assessment based on his reported tax liability, FTP penalties, accrued interest, two credits for overpayments of tax for the years 1998 and 1999, and a credit for the $150,000 payment by Aurora, Defendant owes $36,719.65, as of June 11, 2009, plus interest and statutory additions that continue to accrue. Attached to IRS Officer Byrd's Amended Declaration is an INTST transcript showing the accrued interest calculations through June 11, 2009.

As the United States' submission of the Form 4340 presumptively establishes that an

assessment was properly made, the burden shifts to Defendant to prove that the assessment is erroneous. During the course of this litigation, Defendant has raised numerous allegations generally challenging the validity of the assessment against him and the validity of the federal tax laws. In light of this Court's duty to liberally construe *pro se* filings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), this Court has reviewed the entire record in this case and made every reasonable effort to determine if Defendant has established any genuine issue of material fact with respect to his 1996 tax liability that would preclude entry of summary judgment.

Defendant does not dispute that he filed a tax return. In his Amended Answer (DE 82), Defendant states that he "signed a tax return for 1996." Later, in one of his several motions to dismiss, Defendant "denies the un-signed Tax Return was executed and filed" by him (DE 139). Defendant has offered no proof to support this latest allegation. The United States' submission of the IRS Form 4340 relating to Defendant's 1996 tax liability satisfies its obligations under 26 U.S.C. § 6203 and is presumptive proof of a valid assessment against Defendant. See White, 466 F.3d at 1248; Chila, 871 F.2d at 1018. Thus, the burden is on Defendant to offer evidence establishing a legitimate issue of material fact regarding the assessment's validity. Defendant has failed to meet this burden.

In his Response, Defendant argues that documents received from the United States and IRS' Disclosure Office, and attached to his Response, "reveal[ ] an attempt to commit an Act of Fraud against" him. The attached documents are three letters from IRS to Defendant in response to his Freedom of Information Act requests, the United States' response to Defendant's first request for production, and a one-page excerpt of an "IMF MCC Transcript." Defendant argues that the IRS letters show that "no assessments could be located for [him] for the tax years of 2003 and 2007,"

which he claims is inconsistent with IRS Officer Byrd's declaration. The three letters advise Defendant that there are no assessments pertaining to him for tax years 2000-2007. This information is wholly irrelevant to this case, which involves assessments made against Defendant for the 1996 tax year, and is in no way inconsistent with IRS Officer Byrd's declaration regarding assessments pertaining to Defendant's 1996 tax year account.

Defendant also takes issue with the $15,491.83 FTP penalty listed on the Form 4340 and assessed against him on November 28, 2005. The United States contends this FTP penalty was properly assessed under 26 U.S.C. § 6651(a)(2). This section imposes a penalty for failure to pay the tax liability shown on a taxpayer's return by the required date. Id.[1] The amount of this penalty is determined by a statutory formula. See id. The plain purpose of this penalty is to ensure that taxes are deposited and completely paid when due. See United States v. Boyle, 469 U.S. 241, 249 (1985). Consistent with its authority under section 6651(a)(2), the IRS imposed a $4,195.65 FTP penalty against Defendant on February 9, 1998, the same date of the initial tax assessment, late filing penalty assessment, and interest assessment. All of these assessment amounts, including this first FTP penalty, are reflected in the Form 4340.

According to the United States, the first assessed FTP penalty continued to accrue pursuant to section 6651(a)(2) and, on November 28, 2005, the IRS revisited Defendant's account and assessed a FTP penalty of $15,491.83, representing the amount that had accrued to that point.

---

[1] Section 6651 provides that:
"[i]n case of failure ... to pay the amount shown as tax on any return ... on or before the date prescribed for payment of such tax ... unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate..."
26 U.S.C. § 6651(a)(2).

9

Defendant insists that all of the assessments against him, including this subsequent FTP penalty, are invalid. Though Defendant's argument in this regard is unclear, he appears to argue that alleged inconsistencies between documents in his possession and statements made by counsel for the United States and IRS Officer Byrd reveal an attempt to commit fraud. The Court finds no merit in Defendant's argument. Defendant's vague, unsubstantiated, and repeated assertions of any purported fraud by IRS officers and/or counsel for the United States have no basis in the record evidence before this Court and Defendant has utterly failed to produce any evidentiary support whatsoever to overcome the presumption of validity of the assessment evidenced by the Form 4340 submitted by the United States. Indeed, many of the documents filed by Defendant himself in this case reflect the assessed tax of $83,913.00 for the 1996 tax year, which is consistent with the Form 4340.

Based on a review of the pleadings, the discovery and disclosure materials on file, the Court concludes that the Defendant has failed to demonstrate, by affidavits or other means, any genuine issue of material fact and summary judgment is appropriate. The unpaid balance of federal income tax assessments against the Defendant for the 1996 tax year should be reduced to judgment because the Form 4340 submitted by the United States is presumptively correct evidence of liability that Defendant has failed to overcome. The undisputed evidence shows an assessment for the tax year 1996 was properly made against Defendant based on a tax return he filed, and that he is indebted to the United States for taxes, interest, and penalties with respect to the 1996 tax year in the amount of $36,719.65, as of June 11, 2009, plus statutory interest, which continues to accrue as of that date.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing reasons, this Court RECOMMENDS to the District Court that the United States' Motion for Summary Judgment (DE 140), filed March 27, 2009, be GRANTED and

that final judgment be entered against Defendant John Korman in the amount of $36,719.65, as of June 11, 2009, plus interest, and all statutory additions accruing thereafter as provided by law.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of August, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All parties and counsel of record